HOME STATE BANK OF LAWRENCE *v.* DONOVAN.

GIFTS—MENTAL COMPETENCY OF DONOR—EVIDENCE—SUFFICIENCY.
The finding of the court below that the donor of two certificates of deposit to near relatives shortly before her death was not under the influence of drugs at the time but was competent to make said gifts, *held,* justified by the record.

Appeal from Van Buren; Des Voignes (L. Burget), J.    Submitted January 9, 1924.    (Docket No. 8.) Decided March 5, 1924.

Bill of interpleader by the Home State Bank of Lawrence against Larry Donovan, executor of the last

will of Margaret Crippen, deceased, Delia Loftus Donahue and Margaret Crippen Nutting to determine the ownership of certain certificates of deposit. From a decree for defendants Donahue and Nutting, defendant executor appeals. Affirmed.

*W. J. Barnard,* for appellant.

*James H. Kinnane* and *David Anderson,* for appellees.

CLARK, C. J.    Margaret Crippen died at her home in Lawrence, Van Buren county, December 31, 1920, leaving an estate of nearly $30,000, disposed of by will, of which defendant Donovan is executor. Her death was caused by cancer of the stomach. On December 13, 1920, she called Frank H. Fuller, cashier of the Home State Bank of Lawrence, from the bank to her home and directed him to cause to be issued by the bank, from funds provided by her, a certificate of deposit for $1,000, payable to Delia Loftus Donahue, or order, and a certificate of deposit for $500, payable to Margaret Crippen Nutting, or order. The certificates were issued. On each was written, "Int. payable to M. Crippen during her life." She further directed that the certificates be held at the bank until two weeks after her death, when they were to be delivered to the persons named. After her death, the funds were claimed by the executor and by the two persons named in the certificates. The bank filed a bill of interpleader, making the three claimants parties defendant. The issue between the defendants was and is the mental competency of the donor. From a decree in favor of the donees, the executor has appealed.

The donees, though not mentioned in the will, were relatives of deceased, of whom she was fond. The mental competency of the deceased up to the last few

weeks of her life is unquestioned. It is not established that her mental powers on the date in question were seriously impaired by the malady itself, nor by drugs administered during her illness. The case turns upon whether deceased, at the time the gifts were made, was under the influence of H. M. C., hyoscin, morphin and cactin, administered to alleviate pain. The record indicates that the drugs, having been given, were effective for about 8 hours, when deceased was freed from the influence and became and was normal mentally until the drugs were again administered. That she enjoyed periods of normalcy during the illness is established. That while under the influence of the drugs she lacked mental competency is, of course, conceded. Some witnesses saw her in one state, some in the other. Their testimony produced a conflict, seeming rather than real. What was her mental condition at the very time in question on December 13th? The attending physician on direct-examination testified of administering the drugs in the morning and again at noon. But, on cross-examination, he nullified such statements, and said that he could not testify positively without consulting his books, which were not in court. Though advised that it was important that the books be produced, they were not produced. The physician's testimony is not helpful. Two women, interested witnesses, were with deceased that day. One testified that the drugs were given in the morning and again at noon. The other woman, contradicting this squarely, said drugs were not given that day nor on the previous night. In this situation we turn to the testimony of Mr. Fuller, a disinterested witness, who had known deceased many years and whom she had consulted many times on matters of business. His testimony is positive and convincing that at the time in question deceased was competent mentally to do that which was done. We must decline to disturb the con-

clusion of the trial judge.    For a case very similar in facts, where a will, made under like conditions, was sustained, see *In re Cochrane's Estate,* 211 Mich. 370.

Decree affirmed, with costs to the donees, against the estate.

McDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.